UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA McCARDLE, : | |
| : | |
| Plaintiffs, : | |
| v.   : | No. 3:04CV1574 (MRK) |
| : | |
| THERESA C. LANTZ et al., : | |
| : | |
| Defendants. : | |

## RULING

Presently pending before the Court is Defendants' Bill of Costs [doc. # 167], to which Plaintiffs have objected. The Bill of Costs is hereby allowed.

Plaintiffs' first objection – that the Bill of Costs is untimely – is without merit. Rule 54(a)(1) of the District of Connecticut's Local Rules of Civil Procedure states that "[a]ny party who seeks costs in the District Court shall, within ten (10) days after the District Court judgment becomes final due to the expiration of the appeal period, as defined in Fed. R. App. P. Rule 4, . . . file with the Clerk and serve on all other parties a verified bill of costs pursuant to 28 U.S. C. §§ 1821, 1920, 1923 and 1924, setting forth each item of costs that is claimed."  While judgment entered against all of the Plaintiffs other than Ms. McCardle in 2007 and 2008, *see* Memorandum of Decision [doc. # 113] and Ruling [doc. # 147], that judgment was not final. It did not become final until resolution of Ms. McCardle's claim, which occurred on December 15, 2008. *See* Order [doc. # 166]. The appeal period therefore expired on January 14, 2009, and the Bill of Costs was filed within ten days of that date, on January 21, 2009. *See* Bill of Costs [doc. # 167].

Next, Plaintiffs say that the costs sought relate to the McCardle action, which was settled. This claim is also without merit. As Defendants point out in their Reply Brief [doc. # 169], Defendants are only seeking costs for the depositions of the unsuccessful Plaintiffs, none of which

were to be used in connection with the trial of Ms. McCardle's claims. Also, the costs claimed are in accordance with the statutory rate.

Finally, Plaintiffs object that the filing of the Bill of Costs is a "betrayal" of the settlement in this matter. However, the only claim that was settled was Ms. McCardle's claim, and Defendants do not seek costs from Ms. McCardle. The claims of the other Plaintiffs were adjudicated and judgment entered in favor of Defendants. Of course, Plaintiffs' counsel could have insisted on a release of any claim for costs as to that portion of the case in connection with the resolution of Ms. McCardle's action. But apparently that was not done, and the Court has no power to re-make the settlement for the parties. Whether filing the Bill of Costs is a wise request in view of the fact that the attorneys in this case will have many more cases together in the future – and therefore require some modicum of trust – is an entirely different matter. That is an issue the Court leaves to counsel.

Accordingly, the Bill of Costs [doc. # 167] is ALLOWED. The Clerk is directed to tax costs in the total amount of $4,170.95 against the following Plaintiffs: David Pina, Gino Caccavale, Rene Figueroa, Guy Smith, Lippido Torres, Preston Wales, Sandra Zerjav, f/k/a Sandra Lavoie-Francisco, and Gaetano Balsamo. The Court also directs the Clerk of Court to forfeit the $500 Bond posted on September 8, 2005 and pay the bond over to the State of Connecticut, Attorney General's Office, in partial satisfaction of the costs assessed.

IT IS SO ORDERED,


/s/     Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **January 27, 2009.**